<b>United States District Court</b><br>For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERMAINE ANTHONY GIVENS,<br>　　　　Petitioner,<br>　　v.<br>MICHAEL McDONALD, warden,<br>　　　　Respondent.<br>　　　　　　　　　　　　　　　　　／ | No. C 09-3742 SI (pr)<br><br>**ORDER ON INITIAL REVIEW** |

## INTRODUCTION

Jermaine Anthony Givens, an inmate at the High Desert State Prison, filed this pro se action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases. His in forma pauperis application and motion for appointment of counsel also are before the court for consideration.

## BACKGROUND

Givens states in his petition that he was convicted in Alameda County Superior Court of murder and attempted murder. He was sentenced to life without the possibility of parole plus 25 years to life in prison. He appealed. His conviction was affirmed by the California Court of Appeal and his petition for review was denied by the California Supreme Court in 2008.

Givens reports that he did not file any state habeas petitions before filing this action.

**DISCUSSION**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

Givens alleges several claims in his petition. In claim 1, he alleges that he was subjected to an "unreasonable search, seizure, detention and coercion/Miranda violation." Petition, p. 6. In Claim 2, he contends he received ineffective assistance of counsel in that counsel did an inadequate investigation, did not objection to any argument, and did not challenge "pertinent prospective jurors." Id. In Claim 3, he contends that the prosecutor engaged in misconduct in that he subpoenaed two witnesses he did not intend to call, expressed his personal belief about some unidentified thing, improperly commented in closing argument that the absence of petitioner's grandmother and mother reflected their belief that petitioner was guilty, and "tainted petitioner's reputation by continued deliberate deceits to jury." Id. at 6A. In Claim 4, Givens alleges that tapes of conversations between Givens and his mother and grandmother were played for the jury that were not verified or authenticated. In Claim 5, he contends that all Blacks were dismissed from the jury and one juror slept during the trial. In Claim 6, Givens contends that his sentence violated the federal constitution because the "court relied on factors that were not found true beyond a reasonable doubt by a jury." Id. at 6B.

The petition has three threshold problems which require Givens' further attention before the court can determine whether to require a response from respondent. First, Givens has not identified the federal constitutional basis for almost all of his claims. For each of his claims, Givens should state in the amended petition what federal constitutional right was violated and

1 give a short statement of the facts that shows the constitutional violation. A federal court has
2 jurisdiction to issue the writ to remedy violations of the laws, treaties, or Constitution of the
3 United States, see 28 U.S.C. § 2254(a), but not to remedy violations of state law. Estelle v.
4 McGuire, 502 U.S. 62, 67-68 (1991). Therefore, Givens therefore needs to file an amended
5 petition in which he identifies the federal constitutional provision on which each claim is based
6 and deletes any claims that are for state law errors.

7 Second, the short description of each of the claims is simply too short for the court to
8 evaluate whether a claim for a constitutional violation has been stated. Givens must provide
9 more detail regarding each claim in his amended petition. If a claim has been raised in a state
10 appellate brief written by an attorney, it is usually sufficient for the petitioner to submit a copy
11 of that state appellate brief to present his claim to this court. (This is because an appellate
12 attorney usually will have provided an adequate explanation of the facts and law, as well as
13 citations to the record so that the reviewing court may examine the claim.) On the other hand,
14 when a petitioner presents a claim that has not been presented in state court by an attorney, he
15 must describe the facts that show the alleged constitutional violation, must cite to the record if
16 possible, and may cite to relevant case authority in support of the claim. Although the factual
17 inadequacy exists for all the claims, the court will provide one example of the problem. Givens
18 alleges that counsel was ineffective in failing to conduct an "effective investigation" and failing
19 to interview or call witnesses. Givens must do far more than that, however, as he has not
20 explained the specific investigation that should have been done but was not done, has not
21 identified the specific witnesses who should have been interviewed but were not, and has not
22 provided any evidence as to what these uncalled witnesses would have said had they testified.
23 Givens' minimal description of his several claims (including his ineffective assistance of counsel
24 claim) would not allow the court to find an error, let alone any error that was not harmless. His
25 amended petition must provide a short but adequate description of the facts that demonstrate
26 each of the alleged constitutional violations.

27 Third, there is an exhaustion problem. Givens states that Claims 1, 4, and 5 were not
28 presented to the state's highest court "due to ineffective counsel." Petition, p. 6. Givens'

3

petition contains both exhausted and unexhausted claims and therefore is what is referred to as a "mixed" petition. See Rhines v. Weber, 544 U.S. 269, 277 (2005). The court cannot adjudicate the merits of a habeas petition containing any claim as to which state remedies have not been exhausted, such as a mixed petition. See Rose v. Lundy, 455 U.S. at 522.

Due to a critical one-year statute of limitations on the filing of federal habeas petitions under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), see 28 U.S.C. § 2244(d), the court is reluctant to dismiss the mixed petition (and possibly cause a later-filed petition to be time-barred) without giving Givens the opportunity to elect whether to proceed with just his exhausted claims, or to try to exhaust the unexhausted claims before having this court consider all his claims. Accordingly, instead of an outright dismissal of the action, the court will allow Givens to choose whether he wants to –

(1) dismiss the unexhausted claims and go forward in this action with only the exhausted claims, or

(2) dismiss this action and return to state court to exhaust all claims before filing a new federal petition presenting all of his claims, or

(3) file a motion for a stay of these proceedings while he exhausts his unexhausted claims in the California Supreme Court.

Givens is cautioned that the options have risks which he should take into account in deciding which option to choose. If he chooses option (1) and goes forward with only his exhausted claim, he may face dismissal of any later-filed petition. See 28 U.S.C. § 2244(b). If he chooses option (2), dismissing this action and returning to state court to exhaust all claims before filing a new federal petition, his new federal petition very likely would be rejected as time-barred because he filed the petition in this action just days before the one-year limitations period expired. See 28 U.S.C. § 2244(d). If he chooses option (3), he must file a motion in this court to obtain a stay and (if the motion is granted) then must act diligently to file in the California Supreme Court, to obtain a decision from the California Supreme Court on his unexhausted claims, and to return to this court. And under option (3), this action stalls: this court will do nothing further to resolve the case while petitioner is diligently seeking relief in state court.

In <u>Rhines</u>, the U.S. Supreme Court discussed the stay-and-abeyance procedure for mixed habeas petitions. The Court cautioned district courts against being too liberal in allowing a stay because a stay works against several of the purposes of the AEDPA in that it "frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceeding" and "undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition." <u>Rhines</u>, 544 U.S. at 277. A stay and abeyance "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," the claims are not meritless, and there are no intentionally dilatory litigation tactics by the petitioner. <u>Id.</u> at 277-78.[1] Any stay must be limited in time to avoid indefinite delay. <u>Id.</u> Reasonable time limits would be 30 days to get to state court, as long as necessary in state court, and 30 days to get back to federal court after the final rejection of the claims by the state court. <u>See id.</u> at 278; <u>Kelly v. Small</u>, 315 F.3d at 1071.

Givens has moved for appointment of counsel to represent him in this action. A district court may appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require and such person is financially unable to obtain representation." 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is within the discretion of the district court. <u>See</u> <u>Chaney v. Lewis</u>, 801 F.2d 1191, 1196 (9th Cir. 1986), <u>cert. denied</u>, 481 U.S. 1023 (1987). Appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations. <u>See id.</u> Based on the materials in the court file, it does not appear that appointment of counsel is required in this action to prevent a due process violation. Givens cited to a California Rule of Court that requires appointment of counsel when an order to show cause is issued; however, that rule applies to state court proceedings and not to federal court proceedings. The motion for appointment of counsel is denied.

---

[1] Givens' assertion that Claims 1, 4 and 5 were not presented due to ineffective assistance of counsel does not alone show good cause for a stay. Among other things, he has not shown what counsel did that prevented him from raising those claims in state court in the many months since his direct appeal concluded.

5

## CONCLUSION

Petitioner must file no later than **February 19, 2010**, a notice in which he states whether he elects to (1) dismiss the unexhausted claims and go forward in this action with only the remaining claims, or (2) dismiss this action and return to state court to exhaust all of his claims before returning to federal court to present all of his claims in a new petition, or (3) moves for a stay of these proceedings while he exhausts his state court remedies for the unexhausted claims. If he chooses Option (1) or Option (2), his filing need not be a long document; it is sufficient if he files a one-page document entitled "Election By Petitioner" and states simply: "Petitioner elects to proceed under option ___ provided in the court's Order On Initial Review." Petitioner would have to insert a number in place of the blank space to indicate which of the first two options he chooses. If he chooses Option (3), petitioner must file no later than **February 19, 2010**, a motion for a stay in which he explains why he failed to exhaust his unexhausted claims in state court before presenting them to this court, that his claims are not meritless, and that he is not intentionally delaying resolution of his constitutional claims. If petitioner does not choose one of the three options or file a motion by the deadline, the court will dismiss the unexhausted claims.

Petitioner also must file no later than **February 19, 2010** an amended petition in which he states the federal constitutional provision on which each of his claims is based and provides a brief description of the facts in support of each claim.

Petitioner's motion for appointment of counsel is DENIED. (Docket # 3.)

Petitioner in forma pauperis application is DENIED. (Docket # 2.) The application is incomplete and, in any event, is unnecessary because he has paid the filing fee.

IT IS SO ORDERED.

DATED: January 11, 2010

_____
SUSAN ILLSTON
United States District Judge

6