UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERMAINE ANTHONY GIVENS,<br><br>    Petitioner,<br><br>  v.<br><br>MICHAEL McDONALD, warden,<br><br>    Respondent.<br>_____/ | No. C 09-3742 SI (pr)<br><br>**ORDER TO SHOW CAUSE AND DENYING REQUESTED STAY** |

## INTRODUCTION

Jermaine Anthony Givens, an inmate at the High Desert State Prison, filed this pro se action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Several months ago, the court reviewed the petition and issued an Order On Initial Review that (1) required Givens to file an amended petition that identified the federal constitutional basis for each of his claims and provided a short but adequate statement of facts showing the alleged constitutional violation, and (2) described an exhaustion problem for Claims 1, 4 and 5 that Givens needed to address. Givens then filed a motion for a stay, a second request for appointment of counsel, and an amended petition. For the reasons discussed below, the court will deny the motions for a stay and for appointment of counsel, and will issue an order to show cause on several exhausted claims in the amended petition.

**BACKGROUND**

Givens states in his amended petition that he was convicted in Alameda County Superior Court of murder and attempted murder. In 2006, he was sentenced to life without the possibility of parole plus 25 years to life in prison. He appealed. His conviction was affirmed by the California Court of Appeal and his petition for review was denied by the California Supreme Court in 2008. Givens reports that he did not file any state habeas petitions before filing this action.

**DISCUSSION**

A.   <u>Motion For Stay</u>

The court earlier noted that state court remedies had not been exhausted for three claims and instructed Givens to deal with that problem by dismissing the unexhausted claims, dismissing the whole action, or filing a motion for a stay. Order On Initial Review, pp. 3-5. The court also provided information about the requirements for obtaining a stay. <u>See</u> <u>id.</u> at 4-5. Givens chose to move for a stay of this action so he could exhaust state court remedies for his unexhausted claims.

Givens' motion for a stay is DENIED. (Docket # 10.) He has not shown good cause for his failure to exhaust his claims first in state court, as is necessary to obtain a stay under <u>Rhines v. Weber</u>, 544 U.S. 269, 277 (2005). He argues that the reason he seeks a stay is because he was informed after his appeal "by Appellate attorney that a rehearing in the court was of no use (see attached attorney correspondences)." Motion, p. 1. However, the exhibits to the motion show that Givens was informed long <u>before</u> his direct appeal concluded that appellate counsel did not intend to file a motion for rehearing. In a January 29, 2008 letter from attorney McCabe to Betty Williams (Givens' grandmother), with a copy sent to Givens, counsel explained why he chose not to file a petition for rehearing in the California Court of Appeal. It was after that letter was sent that Givens' petition was filed in the California Supreme Court (on February 26, 2008), and even longer after that letter was sent that the petition was denied (on May 14, 2008, according to the docket sheet for <u>People v. Givens</u>, Cal. S. Ct. No. S161183, on the California courts

1  website). The sequence of events makes Givens' purported reason for his delay unpersuasive.
2  That is, although he urges to the contrary, he was made aware that appellate counsel would not
3  seek a rehearing months before his direct appeal concluded. He did not file his federal petition
4  until August 2009 – about twenty months after he became aware of the petition for rehearing
5  facts, and about fifteen months after the California Supreme Court denied review He has not
6  shown good cause for his failure to exhaust state court remedies in the many months before he
7  filed his federal petition. See Wooten v. Kirkland, 540 F.3d 1019, 1024 (9th Cir. 2008)
8  (upholding denial of stay because petitioner's incorrect "impression" that counsel had raised
9  claims to the California Supreme Court on direct appeal did not establish good cause under
10 Rhines for failure to exhaust claims earlier).

11      There is an alternative method to deal with a petitioner who has some unexhausted claims
12 he wants to present in his federal habeas action, but it wouldn't help Givens. Under the
13 procedure outlined in Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), "(1) a petitioner amends
14 his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the
15 amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state
16 court to exhaust the deleted claims; and (3) the petitioner later amends his petition and
17 re-attaches the newly-exhausted claims to the original petition." King v. Ryan, 564 F.3d 1133,
18 1134 (9th Cir. 2009) (citing Kelly, 315 F.3d at 1070-71). A petitioner seeking to avail himself
19 of the Kelly three-step procedure is not required to show good cause as under Rhines, but rather
20 must show that the amendment of any newly exhausted claims back into the petition satisfies
21 both Mayle v. Felix, 545 U.S. 644, 655 (2005), by sharing a "common core of operative facts"
22 and Duncan v. Walker, 533 U.S. 167 (2001), by complying with the statute of limitations. Id.
23 at 1141-43.

24      Even if Givens wanted to file a motion to amend to delete the unexhausted claims and to
25 stay the action, the three claims Givens wants to exhaust and add by further amendment would
26 not relate back to the properly exhausted claims in the original petition. The unexhausted claims
27 are about the alleged "unreasonable search, seizure, detention and coercion/Miranda violation,"
28 Amended Petition, p. 6 (Claim 1); improper admission of taped conversations between his

1 mother and grandmother (Claim 4), and exclusion of African-Americans from the jury and a
2 sleeping juror (Claim 5)   None of them share a common core of operative facts with any of the
3 properly exhausted claims contained in the original petition.  See, e.g., Rhoades v. Henry
4 (Haddon), 598 F.3d 511, 519-20 (9th Cir. 2010) (denial of leave to amend petition to add claims
5 arising out of alleged misconduct of the prosecutors in another case against defendant based on
6 FBI lab testing was proper because those claims did not relate back to other timely-filed claims
7 about police questioning at the time of his arrest, jailhouse informant testimony, and judicial
8 bias); Hebner v. McGrath, 543 F.3d 1133, 1138-39 (9th Cir. 2008) (no error in denying
9 petitioner leave to amend petition to add new claim that would be untimely where new claim
10 arose from different core of operative facts than claims in original petition and thus did not relate
11 back to original petition).  The three unexhausted claims would not relate back to the properly
12 exhausted claims contained in the original petition that was filed on or about the last day of the
13 one-year statute of limitations period, 28 U.S.C. § 2244(d).[1]

## B. Review Of Amended Petition

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28

---

[1] If Givens wants to file a motion under King/Kelly to further amend his amended petition (to delete unexhausted claims) and to stay this action while he exhausts state court remedies for those unexhausted claims, he may do so within **thirty days** of the date of this order. He is cautioned, however, that when he tries to later add those claims back into a further amendment, they likely will be dismissed as untimely under the one-year habeas statute of limitations, 28 U.S.C. § 2244(d), because they do not relate back to the original petition.

In the unlikely event that Givens would prefer to dismiss the entire action, rather than proceed with only the exhausted claims, he may file a request for voluntary dismissal within **thirty days** of the date of this order. He is cautioned, however, that if he dismisses this action it is quite likely that any later-filed action would be dismissed as untimely under 28 U.S.C. § 2244(d). That is, if he dismisses this action, he may lose forever his right to federal habeas review of his conviction.

4

1 U.S.C. § 2243.

2 Givens alleges several claims in his amended petition. In claim 1, he alleges that he was subjected to an "unreasonable search, seizure, detention and coercion/Miranda violation." Amended Petition, p. 6. In Claim 2, he contends he received ineffective assistance of counsel in that counsel: did an inadequate investigation; did not interview or call several witnesses; failed to object to the admission of the rifle evidence; failed to object to some prosecution witnesses' testimony, and failed to communicate with his client. In Claim 3, Givens contends the prosecutor engaged in misconduct in that he subpoenaed two witnesses he did not intend to call, expressed his personal belief about sergeant Longmire, and made improper comments in closing argument. In Claim 4, Givens contends that his right to due process was violated by the use of recording that were not authenticated. In Claim 5, Givens contends that all African-American and other minorities were dismissed from the jury, and that one remaining juror slept during trial. In Claim 6, Givens contends that his sentencing was improper because the sentencing court relied on factors not found true beyond a reasonable doubt by a jury. He has adequately identified the federal constitutional basis for each of his claims. Liberally construed, the claims are cognizable in a federal habeas action.

Givens' amended petition has the same exhaustion problem the court identified in his original petition: state court remedies have not been exhausted for Claims 1, 4 and 5. In light of the denial of the motion for a stay discussed in the preceding section, the court now dismisses those unexhausted claims. See Rose v. Lundy, 455 U.S. 509, 522 (1982); 28 U.S.C. § 2254(b).

**CONCLUSION**

For the foregoing reasons,

1.  Claims 2, 3, and 6 in the amended petition appear to be cognizable claims for habeas relief and warrants a response. The unexhausted claims (i.e., Claims 1, 4, and 5) are dismissed.

2.  The clerk shall serve by certified mail a copy of this order, the amended petition and all attachments thereto upon respondent and respondent's attorney, the Attorney General of

5

the State of California. The clerk shall also serve a copy of this order on petitioner.

3. Respondent must file and serve upon petitioner, on or before **September 10, 2010**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent must file with the answer a copy of all portions of the court proceedings that have been previously transcribed and that are relevant to a determination of the issues presented by the amended petition.

4. If petitioner wishes to respond to the answer, he must do so by filing a traverse with the court and serving it on respondent on or before **October 15, 2010**.

5. Petitioner is responsible for prosecuting this case. Plaintiff must promptly keep the court informed of any change of address and must comply with the court's orders in a timely fashion.

6. Petitioner is cautioned that he must include the case name and case number for this case on any document he submits to this court for consideration in this case.

7. Petitioner's motion to stay is DENIED. (Docket # 10.)

8. Petitioner's second motion for appointment of counsel is DENIED for reasons stated in the denial of his first motion for appointment of counsel. (Docket # 11.)

IT IS SO ORDERED.

DATED: July 13, 2010

                                            SUSAN ILLSTON
                                          United States District Judge