UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERMAINE ANTHONY GIVENS,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>MICHAEL McDONALD, warden,<br><br>　　　　Respondent.<br>　　　　　　　　　　　　　　　　　／ | No. C 09-3742 SI (pr)<br><br>**ORDER GRANTING RESPONDENT'S MOTION AND REQUIRING PETITIONER TO MAKE ELECTION REGARDING UNEXHAUSTED CLAIMS** |

## INTRODUCTION

This pro se prisoner's action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is before the court for consideration of a second exhaustion problem. Several months ago, the court reviewed the petition and ordered Givens to file an amended petition correcting several deficiencies in the original petition and to address an exhaustion problem for Claims 1, 4, and 5. See Order On Initial Review, pp. 2-5. Givens then filed a motion for a stay, a second request for appointment of counsel, and an amended petition. The court denied the motion for a stay, dismissed Claims 1, 4, and 5, and ordered respondent to show cause why the writ should not be granted as to Claims 2, 3, and 6 in the amended petition. See Order To Show Cause And Denying Requested Stay, pp. 2-5.

Respondent then filed a motion to dismiss the amended petition because state court remedies had not been exhausted as to most of the three remaining claims. For the reasons discussed below, the motion to dismiss will be granted in part, and Givens will be required to

choose how to deal with the exhaustion problem.[1]   The court also will deny Givens' "motion for aquittal (sic) and release from custody," as well as his "motion to grant writ of habeas corpus and motion to dismiss petitioner's indictment."

**BACKGROUND**

Givens was convicted in Alameda County Superior Court of first degree murder with a drive-by shooting special circumstance, attempted premeditated murder, shooting at an inhabited dwelling, and possession of a firearm by a felon. Sentence enhancement allegations were found true. In 2006, he was sentenced to life without the possibility of parole plus 25 years to life in prison. He also was sentenced to a 7-year upper term for discharging a firearm. He appealed. The California Court of Appeal affirmed the conviction, but found an error in the 7-year upper term sentence and directed the trail court to correct it. Givens' petition for review was denied by the California Supreme Court in 2008. Givens did not file any state habeas petitions before filing this action.

In his petition for review to the California Supreme Court, Givens presented two claims. First, he claimed that his attorney provided ineffective assistance in that he failed to object to evidence that the scene of the crimes was a known high-crime and drug-dealing area. Resp. Ex. B (Petition For Review), pp. 26-27. Second, he claimed that the prosecutor engaged in misconduct in the closing argument by (a) arguing that Givens did not have the support of his mother and grandmother, and (b) vouching for sergeant Longmire's credibility. Id. at 11-12, 16-17.

The Petition For A Writ Of Habeas Corpus Amendment (docket # 12) (hereinafter, the "amended petition") has three cognizable claims: an ineffective assistance of counsel claim with several subparts (Claim 2), a prosecutorial misconduct claim with several subparts (Claim 3),

---

[1]The failure to exhaust state court remedies for these claims was not noted in the Order On Initial Review because, at the time of that order, the court did not have before it the petition for review. The court's Order On Initial Review addressed the exhaustion problem that petitioner had admitted in his original petition. This order addresses a different exhaustion problem – one that can only be ascertained by comparing the amended petition filed in this court with the petition for review filed in the California Supreme Court.

2

1  and a claim that the 7-year upper-term sentence for shooting at an inhabited dwelling was
2  imposed without the necessary findings having been found by a jury to be true beyond a
3  reasonable doubt was improper under the rule from Apprendi v. New Jersey, 530 U.S. 466,
4  488-90 (2000), and Cunningham v. California, 549 U.S. 270 (2007) (Claim 6).

## DISCUSSION

A.   Respondent's Motion To Dismiss

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are required first to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. See 28 U.S.C. § 2254(b), (c).

The court has compared the petition for review in the California Supreme Court with the amended petition to determine whether all the claims in the latter were included in the former. They were not.  Givens presented an ineffective assistance of counsel ("IAC") claim to the California Supreme Court, but it was not the same as any of the subparts of the IAC claim in his amended petition.[2] The IAC claim is unexhausted. Givens presented to the California Supreme Court only part of his prosecutorial misconduct claim, i.e., that the closing argument improperly urged that Givens did not have the support of his mother and grandmother and vouched for sergeant Longmire's credibility. The other subparts of the prosecutorial misconduct claim are unexhausted.[3] Finally, Givens did not present to the California Supreme Court his argument that

---

[2] In Claim 2 in the amended petition, Givens contended that counsel was ineffective in that he: (a) failed to conduct any investigation of possible defense witnesses (including Sonya Lavender) and others who allegedly provided statements to police; (b) failed to call Givens' girlfriend as an alibi witness; (c) failed to call Givens' mother and grandmother as witnesses; (d) failed to object to the prosecutor's presentation of the firearm that was irrelevant; (e) failed to properly follow the proceedings; and (f) had personal problems and lacked experience.

[3] In Claim 3 in the amended petition, Givens contended the prosecutor engaged in misconduct in that he subpoenaed Givens' mother and grandmother without intending to call them as witnesses; argued that Givens did not have the support of his mother and grandmother (i.e., an exhausted subpart); vouched for sergeant Longmire's credibility (i.e., an exhausted subpart); produced a false witness; introduced a firearm at trail that was not used to commit these crimes; and introduced unauthenticated

3

1 the sentence violated the Apprendi/Cunningham rule. That claim is unexhausted.[4]  To
2 summarize: state court remedies have not been exhausted for any part of the IAC claim, or for
3 most of the prosecutorial misconduct claim (except the challenges to the closing argument), or
4 for the sentencing claim.

5       Givens' amended petition contains both exhausted and unexhausted claims and therefore
6 is what is referred to as a "mixed" petition. See Rhines v. Weber, 544 U.S. 269, 277 (2005).
7 The court cannot adjudicate the merits of a habeas petition containing any claim as to which state
8 remedies have not been exhausted, such as a mixed petition. See Rose v. Lundy, 455 U.S. 509,
9 522 (1982); cf. 28 U.S.C. § 2254(b)(2) (petition may be denied (but not granted) notwithstanding
10 failure to exhaust).

11       Due to a critical one-year statute of limitations on the filing of federal habeas petitions
12 under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), see 28 U.S.C. §
13 2244(d), the court is reluctant to dismiss the mixed amended petition (and possibly cause a later-
14 filed petition to be time-barred) without giving Givens the opportunity to elect whether to
15 proceed with just his exhausted claims, or to try to exhaust the unexhausted claims before having
16 this court consider all his claims. Accordingly, instead of an outright dismissal of the action, the
17 court will allow Givens to choose whether he wants to –

18 (1) dismiss the unexhausted claims and go forward in this action with only the exhausted
19     claims, or
20 (2) dismiss this action and return to state court to exhaust all claims before filing a new
21     federal petition presenting all of his claims, or

---

23 tapes.

24     [4]As respondent notes, the claim that the sentence imposed violated the Apprendi/Cunningham
25 rule now appears to be a moot point. Petitioner's challenge to the sentence he received on the conviction for shooting at an inhabited dwelling succeeded on direct appeal. The California Court of
26 Appeal vacated the upper term sentence with instructions to hold a resentencing hearing or modify the sentence to the middle term.

27     This court observes that the claim *appears* to be moot (rather than determines that it *is* moot)
28 because the record before this court does not show whether there was a resentencing/modification as the court of appeal ordered. If the sentencing problem has been resolved, respondent should file an abstract of judgment to so show at the time he files his answer.

4

      (3) file a motion for a stay of these proceedings while he exhausts his unexhausted claims in the California Supreme Court.

Givens is cautioned that the options have risks which he should take into account in deciding which option to choose. If he chooses option (1) and goes forward with only his exhausted claims, he may face dismissal of any later-filed petition. See 28 U.S.C. § 2244(b). If he chooses option (2), dismissing this action and returning to state court to exhaust all claims before filing a new federal petition, his new federal petition might be rejected as time-barred. See 28 U.S.C. § 2244(d). If he chooses option (3), he must file a motion in this court to obtain a stay and (if the motion is granted) then must act diligently to file in the California Supreme Court, to obtain a decision from the California Supreme Court on his unexhausted claims, and to return to this court. And under option (3), this action stalls: this court will do nothing further to resolve the case while petitioner is diligently seeking relief in state court.

      In Rhines, the U.S. Supreme Court discussed the stay-and-abeyance procedure for mixed habeas petitions.[5] The Court cautioned district courts against being too liberal in allowing a stay because a stay works against several of the purposes of the AEDPA in that it "frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceeding" and "undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition." Rhines, 544 U.S. at 277. A stay and abeyance "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," the claims are not meritless, and there are no intentionally dilatory litigation tactics by the petitioner. Id. at 277-78. Any stay must be limited in time to avoid

---

[5] As discussed in an earlier order, there is an alternate stay procedure for a petitioner who has some unexhausted claims he wants to present in his federal habeas action. See Order To Show Cause And Denying Requested Stay, pp. 3-4 (discussing Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), and King v. Ryan, 564 F.3d 1133, 1134 (9th Cir. 2009)). That alternate procedure would not aid Givens here, however, because the currently unexhausted claims do not share a common core of operative facts with the only exhausted claim contained in the amended petition and therefore would not relate back once exhausted. Without relation back, the currently unexhausted claims would be time-barred if he later tried to add them back because this action was filed on or about the last day of the one-year statute of limitations period, 28 U.S.C. § 2244(d).

5

1 indefinite delay. Id. Reasonable time limits would be 30 days to get to state court, as long as
2 necessary in state court, and 30 days to get back to federal court after the final rejection of the
3 claims by the state court. See id. at 278; Kelly v. Small, 315 F.3d at 1071.

B. <u>Givens' Motions</u>

Givens filed a "motion to grant writ of habeas corpus and motion to dismiss petitioner's indictment," in which he asserted that the writ should be granted because he was in custody in violation of his constitutional rights. He also filed a motion for acquittal and release from custody, in which he argued that his trial was unfair and the should therefore be released. The motions are DENIED.

When a state prisoner wants to challenge the fact or duration of his imprisonment and seek his release, "his sole federal remedy is a writ of habeas corpus." Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). Givens' amended petition for writ of habeas corpus sets forth the claims which he believes entitle him to a federal writ of habeas corpus. His motions do not advance his cause. He cannot obtain relief in federal court by filing miscellaneous motions that raise the same claims as those in the amended petition. Nor can he circumvent the various rules that apply to petitions and amended petitions by asserting in a motion legal claims that are different from those in the amended petition. His amended habeas petition will be decided in due course, but not until the exhaustion problem discussed in this order are addressed.

**CONCLUSION**

For the foregoing reasons, respondent's motion to dismiss (docket # 14) is GRANTED, petitioner's "motion to grant writ of habeas corpus and motion to dismiss petitioner's indictment" (docket # 15) is DENIED, and petitioner's "motion for aquittal (sic) and release from custody" (docket # 16) is DENIED.

Petitioner must file no later than **January 14, 2011**, a notice in which he states whether he elects to (1) dismiss the unexhausted claims and go forward in this action with only the remaining claims, or (2) dismiss this action and return to state court to exhaust all of his claims

6

before returning to federal court to present all of his claims in a new petition, or (3) moves for a stay of these proceedings while he exhausts his state court remedies for the unexhausted claims. If he chooses Option (1) or Option (2), his filing need not be a long document; it is sufficient if he files a one-page document entitled "Election By Petitioner" and states simply: "Petitioner elects to proceed under option ___ provided in the court's Order On Initial Review." Petitioner would have to insert a number in place of the blank space to indicate which of the first two options he chooses. If he chooses Option (3), no later than **January 14, 2011**, petitioner must file a motion for a stay in which he explains why he failed to exhaust his unexhausted claims in state court before presenting them to this court, that his claims are not meritless, and that he is not intentionally delaying resolution of his constitutional claims. If petitioner does not choose one of the three options or file a motion by the deadline, the court will dismiss the unexhausted claims.

    IT IS SO ORDERED.

DATED: December 3, 2010

                                                SUSAN ILLSTON
                                         United States District Judge